FARMER & OCHS COMPANY, PLAINTIFF-APPELLANT, v. DAVID GINSBURG AND CHARLES GINSBURG, DEFENDANTS-RESPONDENTS.

Submitted October 15, 1927—Decided May 16, 1927.

Replevin—Motor Vehicle—Action Between Mortgagee's Assignee and Purchaser Under Action Under Garage Keepers' Lien Act—Judgment For Purchaser Under Lien—Mortgage was Properly Executed and Recorded in New York, Where the Sale was Made, but With Provision That the Vehicle was to be Kept in Morris County—No Official Record of Mortgage in That County nor in Any Other County in New Jersey—Held, That the Mortgage, Notwithstanding the Amendment of 1925 to the Garage Keepers' Act, Cannot Prevail Here; That a Foreign Chattel Mortgage Can Have No Extraterritorial Effect Beyond That Which Specifically May be Given it by the Laws of This State, and That No Such Effect is Given by Our Laws Relating to Chattel Mortgages.

On appeal from the District Court of the First Judicial District of the county of Morris.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Braelow & Tepper* and *George F. Lahey, Jr.*

For the respondents, *Seth H. Ely.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the First Judicial District of the county of Morris. The action was one of replevin. The question involved was whether a chattel mortgagee's claim to possession of an automobile truck was superior to a title to the truck obtained by a purchaser at a sale under a garage keeper's lien. The facts necessary of a proper understanding of the situation were that on November 25th, 1925, the Bessemer American Motors Corporation, a Pennsylvania corporation with an office at Plainfield in this state, sold to Julius Turetsky and Harry Schwimmer, in New York City, a Bessemer truck.

The vendees gave to the vendor a chattel mortgage, which was recorded in the office of the registrar of New York county on December 17th, 1925. The mortgage contained the provision that the mortgagors were to maintain the truck at No. 120 McFarlan street, Dover, New Jersey, and would not remove the same without the written consent of the mortgagee. While the truck was being so maintained according to the terms of the chattel mortgage, the Dover Auto Supply Company of Dover, New Jersey, acquired a garage keeper's lien for supplies. On February 15th, 1926, under proceedings to enforce the lien the truck was sold to Charles Ginsburg. The Farmer & Ochs Company, assignee of the chattel mortgage, then instituted the replevin action against Charles Ginsburg and David Ginsburg to recover possession of the truck. The *situs* of the truck was given in the chattel mortgage as Dover, which is in the county of Morris. The chattel mortgage was never filed or recorded in the Morris county clerk's office. The chattel mortgage was in the form proper for a New York mortgage. Upon these facts the District Court gave judgment for the defendants.

The plaintiff has appealed to this court and contends that the truck and the parties to the chattel mortgage being in New York City at the time of the making of the chattel mortgage, the recording of the instrument in New York City was sufficient to make it a first lien on said truck and superior to the title which the defendants below obtained under the lien sale. The appellant further contends that it is protected by the 1925 amendment to the Garage Keepers' Lien act (*Pamph. L.* 1925, *p.* 96), which provides that such lien shall not be superior to, nor affect, any lien, title or interest of any person or corporation held by virtue of a prior conditional sale or of a prior chattel mortgage properly recorded.

We do not think that a mortgage in New York form, and recorded in New York, is entitled to the protection of this amendment of the New Jersey Garage Keepers' Lien act under the circumstances of the present case. The Chattel Mort-

gage act (*Pamph. L.* 1902, *p.* 487) contains requirements which are obviously intended for the protection of the creditors and purchasers of property which is in the apparent possession and control of persons other than the mortgagee, and contemplates that notice of such reserved lien or title shall be brought home to such persons in this state by proper affidavit as to the purpose and consideration of said instrument, and by proper recording. That recording in this state is required of all chattel mortgages is evidenced and made clear from the provision of the act exempting the recording as a chattel mortgage a mortgage of rolling stock and personal property of a railroad company, if the mortgage is recorded or registered as a real estate mortgage in those counties where the railroad company's real estate is located. If the law were otherwise as to chattel mortgages made and recorded in a foreign state it would be affording protection to a mortgagor in possession where, under similar circumstances, he would not be protected if the mortgage were made and recorded in this state. In other words, a chattel mortgage, valid according to the laws of New York, would protect the mortgagee in this state even though an affidavit of the consideration, &c., of the mortgage was not made a part thereof as required by the laws of this state. To hold, as the appellant contends, would also frustrate the requirements of section 5 of the Chattel Mortgage act, which requires that the mortgage shall be recorded in the clerk's office of the county where the property shall be at the time of the execution of the instrument, and with the proviso that where the office of register of deeds is created then the mortgage shall be recorded in that office. These requirements clearly indicate that a recording of a chattel mortgage in a county in this state is required for the protection of a mortgagee against creditors and purchasers of the chattel mortgage.

A foreign chattel mortgage should have no extra-territorial effect beyond that which may be specifically given to it by the laws of this state. Inasmuch as a recording in this state is contemplated by our act, and inasmuch as the New Jer-

sey act provides that it shall be void, unless the requirements of the act be complied with, as against all creditors, of which of course the garage man with a lien is one, it seems to us to follow that a recording in New York of a chattel mortgage of an automobile delivered in that state, but having its *silus* fixed in New Jersey by the terms of the mortgage, even though properly recorded there, is not effective to defeat the lien created by the Garage Keepers' Lien act of 1915, as amended in 1925.

If we are wrong in this conclusion there is another aspect of the case which we think leads to the same result. While the chattel mortgage was made in New York City, and the truck which it covered was at the time of its execution in the city of New York, yet the parties to the mortgage knew that the truck was to be immediately taken to New Jersey and had provided in the mortgage for a New Jersey *situs* for the truck so that the truck was to be permanently located in New Jersey by the terms of the mortgage. With this knowledge as to the *silus* of the truck the mortgagee took no step to protect its interest by recording the mortgage in the county of the *silus* of the truck, assuming that the mortgage was drawn in proper form. It would naturally be in New Jersey that storage and supplies for the truck, for which a garage keeper would have a lien, would be obtained. One who furnished storage, &c., would have no way of knowing, in the absence of any record of a lien, whether there was a superior lien against the truck. It seems to us that the mortgagee is estopped from asserting, as against a garage keeper's lien, a claim of superior title, because the failure of the mortgagee to protect his interests by a proper recordation of the mortgage in New Jersey would create a situation which would result in loss to the garage keeper or an innocent purchaser under a sale to foreclose a garage keeper's lien, if we recognized and gave to the New York mortgage the same force and effect as if made and recorded according to the laws of this state.

The judgment of the District Court is affirmed, with costs.